# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

MAURICE MILHOUSE,

    Plaintiff,

v.

GREG A. BRANNEN and CSX
TRANSPORTATION, INC.,

    Defendants.

Civil Action No.
7:11-cv-15 (HL)

## ORDER

On February 3, 2011, the Defendants filed a notice of removal in this Court asserting that the basis for this Court's jurisdiction is diversity. Consistent with the practices of this Court, the notice of removal and complaint were subject to an initial review to determine whether the jurisdictional requirements have been met. For the following reasons, the Court concludes the Defendants have failed to establish the elements of diversity jurisdiction. The Defendants shall have until February 16, 2011 to amend their notice of removal and to cure the jurisdictional defects.

### I.    BACKGROUND

The Plaintiff filed a complaint in the Superior Court of Thomas County. The complaint alleges that the Plaintiff was injured when he was struck by a train while driving his vehicle across a train track. He seeks damages for medical expenses, lost wages, his lost earning capacity, and for pain, suffering, and mental anguish

## II. ESTABLISHING DIVERSITY JURISDICTION ON REMOVAL

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a case originally filed in state court if the defendant can show federal subject matter jurisdiction. Federal subject matter jurisdiction includes diversity jurisdiction, which is established through the fulfillment of two statutory requirements: 1) complete diversity between the parties; and 2) an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a)(1).

Because this case was originally filed in state court and removed to this Court by the Defendants, the Defendants bear the burden of proving that federal jurisdiction exists. <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001). Moreover, because the Plaintiff has not pled a specific amount of damages, Defendants must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. <u>Id.</u> Removal is proper if it is apparent from the face of the complaint that the amount in controversy exceeds the jurisdictional requirement. <u>Id.</u> However, if the jurisdictional amount is not facially apparent from the complaint, a court should look to the notice of removal. <u>Id.</u>

It appears from the notice of removal and the complaint that there exists diversity of citizenship. The amount in controversy element, however, is not satisfied.

## III. AMOUNT IN CONTROVERSY

It is not apparent from the face of the complaint or the notice of removal that

2

the amount in controversy exceeds the jurisdictional requirement. The complaint does not demand damages of a specific amount. There are no specific allegations with respect to the amount of medical expenses or lost wages the Plaintiff has incurred. Moreover, there are no allegations regarding the nature of the Plaintiff's injuries. For example, there are no allegations that the Plaintiff was permanently injured or that his injuries required surgery or other intensive forms of medical treatment.

Given that the Defendants have failed to establish the amount in controversy by a preponderance of the evidence, their allegations of jurisdiction are defective. The Defendants shall have until February 16, 2011 to cure the jurisdictional defects by filing an amended notice of removal.

**SO ORDERED**, this the 8th day of February, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc