IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

MAURICE MILLHOUSE, :
:
    Plaintiff, :
:
: Civil Action No.
: 7:11-cv-15 (HL)
v. :
:
GREG A. BRANNEN and CSX :
TRANSPORTATION, INC., :
:
    Defendants. :
_____ :

## ORDER

Before the Court is the parties' stipulation concerning the amount in controversy (Doc. 7). For the following reasons, this case is remanded to the Superior Court of Thomas County, Georgia.

The Plaintiff's complaint alleges that the Plaintiff was injured when he was struck by a train while driving his vehicle across a train track. The Defendants removed the case to this Court asserting the basis for this Court's jurisdiction was diversity. After reviewing the complaint and the notice of removal, the Court determined that the evidence showing the amount in controversy was insufficient. The Defendants were ordered to amend the notice of removal to cure the jurisdictional defect (Doc. 2). Since then, the parties have filed a stipulation stating that the amount in controversy is less than $75,000 and that the Plaintiff will neither seek nor accept damages in excess of $75,000 from the Defendants. The parties consent to the remand of the case.

As previously stated by the Court, a defendant bears the burden of proving federal jurisdiction by a preponderance of the evidence on removal when a plaintiff's complaint does not plead a specific amount of damages. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Here, the Defendants have consented to the remand and therefore, the Court only has the complaint and the notice of removal upon which to determine the amount in controversy.

A post-removal stipulation does not normally divest a federal court of jurisdiction. Boyd v. Shelton, 2010 WL 1817759, at * 2 (N.D. Ga. May 6, 2010). Nevertheless, based on the complaint and the notice of removal, the amount in controversy has not been proven by a preponderance on the evidence. Further, the Plaintiff has agreed that he will not seek to recover and will not accept any amount in excess of $75,000 from the Defendants. Accordingly, the case is remanded to the Superior Court of Thomas County. The clerk's office is directed to send a certified copy of this order to the clerk of the Superior Court of Thomas County.

The Defendants' motion to dismiss the complaint (Doc. 3) is denied as moot.

**SO ORDERED**, this the 15th day of February, 2011.

                         *s/ Hugh Lawson*
                         **HUGH LAWSON, SENIOR JUDGE**

lmc